IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. CROSBY, II,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>POITITER, et al,<br><br>　　　　　Defendants. | No. C 06-0079 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Atascadero State Hospital, has filed a *pro se* civil rights complaint. Although Plaintiff's complaint is largely unintelligible, it appears that Plaintiff is actually requesting copies of documents filed in other cases rather than stating a new claim on the Court's civil rights complaint form. As the complaint fails to state a claim upon which relief will be granted, the Court will dismiss this matter.

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Complaint

In this case, Plaintiff does not set forth factual allegations in support of a legal claim. Rather, Plaintiff appears to request copies of documents from his many prior cases filed in this Court, including C 04-1353 JSW; C 04-2182 JSW; C 04-2183 JSW; C 04 2373 JSW; and C 05-4464 JSW, which remains open. A claim that is totally incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). The Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible complaint.

Moreover, it appears that although Plaintiff has filled out this Court's civil rights complaint form, he is not attempting to file a complaint, but is instead asking the Court Clerk to make copies of all documents in each of the previous cases that he has filed and to waive the fee ordinarily charged for these copies. However, Plaintiff's request is DENIED. Plaintiff has not stated a proper basis for the Clerk to waive the ordinary fee in each case, nor has Plaintiff identified a reason why he needs so many documents from so many cases. Plaintiff's request is also improperly filed as a new case. If Plaintiff can establish a legitimate basis for making such a request with regard to any prior case, he must set forth the reason he needs each particular document and identify the docket number of the case. Plaintiff may not make requests for documents on multiple cases simultaneously, but must clearly identify the docket number of the case on which he is requesting copies.

**CONCLUSION**

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file, TERMINATE all pending

2

motions as moot and enter judgment in this case.

IT IS SO ORDERED.

DATED: April 18, 2006

_____
JEFFREY S. WHITE
United States District Judge